30 F.3d 132
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Blane Wade O'NEAL, Defendant-Appellant.
 No. 93-5572.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 24, 1994.
Decided Aug. 1, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert E. Payne, District Judge. (CR-92-212-N)
 Douglas Fredericks, Norfolk, VA, for appellant.
 Helen F. Fahey, U.S. Atty., Kevin M. Comstock, Asst. U.S. Atty., Norfolk, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before NIEMEYER and MICHAEL, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Blane Wade O'Neal was convicted by a jury of being a felon in possession of a firearm, 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1993) (Count One), of use of a firearm in relation to a drug trafficking crime, 18 U.S.C.A. Sec. 924(c) (West Supp.1993), and of possession of twenty-six grams of crack cocaine with intent to distribute, 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1993). He appeals his sentence, contending that the district court clearly erred in determining his offense level. We affirm.
 
 
 2
 O'Neal's residence was searched under a search warrant on September 29, 1992. In his bedroom, agents found a loaded 9 mm pistol, a loaded .38 caliber revolver, a bag containing 25.78 grams of crack (approximately one ounce), and O'Neal's address book.
 
 
 3
 O'Neal was interviewed in the house by Agent Chipman of the Bureau of Alcohol, Tobacco and Firearms, and he made a statement in which he admitted using the two guns for protection while he distributed crack, buying the one ounce of crack in the bag the day before, and distributing not less than eight ounces overall during the preceding months.
 
 
 4
 O'Neal was subsequently charged with possession of the ounce of crack with intent to distribute, and the firearm offenses. During his trial, he stipulated that his statement to the agent was voluntary. His signed waiver of his Miranda[1] rights and his signed statement were admitted into evidence. However, O'Neal later testified that he was in a confused mental condition when he made the statement because the agents burst in on him just after he awoke, while he was using the bathroom and before he had his daily medication for epilepsy.
 
 
 5
 The district court then held a hearing without the jury to determine whether O'Neal's statement was in fact voluntary. The court questioned both O'Neal and Agent Chipman. O'Neal testified that he did not recall receiving a Miranda warning or reading his statement before signing it. Agent Chipman testified that O'Neal got dressed, took his epilepsy medicine, and had a cigarette before being interviewed and making his statement. He said O'Neal was nervous but cooperative and appeared to be well in control of his faculties. The district court found that O'Neal's statement was voluntarily made and not the product of confusion or fright.
 
 
 6
 After his conviction, O'Neal objected to the use of the eight ounces of crack mentioned in his statement to determine his base offense level under guideline section 2D1.1.[2] He alleged again that his statement was unreliable because of his epilepsy and the stress he was under at the time it was made. The district court again found that the confession was voluntary and made while O'Neal was in full command of his faculties, and that he was responsible for the eight ounces of crack.
 
 
 7
 On appeal, O'Neal renews his argument that the eight ounces of crack was improperly considered because his statement was insufficiently reliable. In making its determinations on sentencing factors, the district court may consider any information which has a minimum indicia of reliability beyond mere allegation. United States v. Hicks, 948 F.2d 877, 883 (4th Cir.1991). Here, the district court first found that the agent's testimony was more credible than O'Neal's. The agent testified that O'Neal had time to recover from the shock of his arrest while he got dressed, that he had a cigarette, and took his medication before being interviewed, and that he volunteered the information that he had sold an additional eight ounces of crack. On this record, we find no error in the district court's determination that O'Neal's statement had sufficient indicia of reliability to be considered.
 
 
 8
 We therefore affirm the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 Miranda v. Arizona, 384 U.S. 436 (1966)
 
 
 [2]
 United States Sentencing Commission, Guidelines Manual (Nov.1992)